UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERRISH CASTANEDA,<br><br>             Plaintiff,<br><br>     v.<br><br>6939 FAIR OAKS BLVD TIC LLC,<br><br>             Defendant. | No.  2:25-cv-02804-TLN-SCR<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff filed her complaint on September 29, 2025, and has filed five motions.  Plaintiff filed a motion for leave to proceed in forma pauperis ("IFP") and a declaration, including a statement of income and expenses, averring she is unable to pay the costs of these proceedings.  *See* 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.  However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.  The Court herein addresses the remaining motions and recommends the motion for temporary restraining order be denied.

////

////

1

# I.  SCREENING

## A.  Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the

court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

**B.    The Complaint**

Plaintiff's complaint names one Defendant, 6939 Fair Oaks Blvd TIC LLC (herein "Defendant"). Defendant is alleged to be the property owner and responsible for the management and operations of Skylark apartments. ECF No. 1 at ¶ 6. Plaintiff is a tenant at Skylark. *Id*. at ¶ 4. Plaintiff alleges this Court has jurisdiction because she is bringing a claim for First Amendment retaliation under 42 U.S.C. § 1983. *Id*. at ¶ 1. Plaintiff alleges the Court has supplemental jurisdiction over her related state law claims concerning habitability. *Id*. at ¶ 2.

Plaintiff alleges her apartment was burglarized in March 2025, and that on May 2, 2025 she reported plumbing failures including sewage leaks, water damage, and mold. *Id*. at ¶¶ 8-9. Plaintiff then filed a public health complaint with Sacramento County around May 26, 2025. *Id*. at ¶ 10. Thereafter, on June 16, 2025, Defendant filed an eviction action. *Id*. at ¶ 11. Plaintiff alleges that in June/July 2025, plumbing related problems continued, and that her children became sick. *Id*. at ¶¶ 12-13. On September 8, 2025, Plaintiff issued a "formal lease termination notice" citing constructive eviction. *Id*. at ¶ 15.

Plaintiff asserts eight causes of action, two of which are based in federal law. In Count I, Plaintiff alleges First Amendment retaliation and claims that Defendant retaliated against her when she reported the plumbing problems to Sacramento County's health department. *Id*. at ¶¶

17-19. In Count VII, Plaintiff alleges violation of the Americans with Disabilities Act ("ADA"), that her health was impaired by unsafe conditions, and that Defendant "failed to accommodate disabilities and instead retaliated." *Id*. at ¶¶ 32-34.

Plaintiff seeks a declaratory judgment that her rights were violated, and also injunctive relief "halting eviction, preventing retaliation, and compelling repairs." ECF No. 1 at 4. Plaintiff additionally seeks monetary damages.

### C. Analysis

Plaintiff's complaint contains a jurisdictional statement and request for relief. However, it fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to state a claim under section 1983, a plaintiff is required to plead that (1) a defendant acting under color of state law, (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Defendant is Plaintiff's landlord and is alleged to own the Skylark Apartments. ECF No. 1 at ¶ 6. There is no allegation that the company which owns and manages Plaintiff's apartment complex is a state actor or was acting under color of state law. Generally, private parties are not acting under color of state law. *See O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in "exceptional cases" will a private entity be treated as a state actor for constitutional purposes).

If Plaintiff could successfully plead state action, she would also need to plead facts to plausibly meet the elements of her claim for First Amendment retaliation. Generally, a plaintiff must show: 1) she engaged in a constitutionally protected activity; 2) defendants' actions would chill a person of ordinary firmness from continuing to engage in protected conduct; and 3) the protected activity was a substantial or motivating factor in defendants' conduct. *Sampson v. County of Los Angeles*, 974 F.3d 1012, 1019 (9th Cir. 2020). A plaintiff must establish that defendant's retaliatory animus was the but-for cause of her injury, meaning that the adverse action against her would not have been taken absent retaliatory motive. *Id.* (internal citations and quotations omitted).

////

1    Plaintiff alleges that she made a complaint to the Sacramento County health department,
2 and that Defendant, her landlord, retaliated. ECF No. 1 at ¶¶ 17-19. There is no claim that the
3 health department retaliated against Plaintiff in response to her complaint. Rather, the allegation
4 is that her landlord, a private actor did. Plaintiff fails to state a claim of First Amendment
5 retaliation.
6    Plaintiff's other federal claim is under the ADA. The ADA allegations are conclusory.
7 Plaintiff alleges her health was impaired by unsafe conditions on the property, and Defendant
8 "failed to accommodate disabilities and instead retaliated." ECF No. 1 at ¶¶ 32-34. Plaintiff does
9 not allege under what Title of the ADA she brings her claim. The ADA has been described as
10 containing a "broad mandate" designed to "remedy widespread discrimination against disabled
11 individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674-75 (2001). "To effectuate its
12 sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of
13 public life, among them employment (Title I of the Act), public services (Title II), and public
14 accommodations (Title III)." *Id.* at 675. Plaintiff does not cite to any of these provisions, nor
15 does she clearly allege that she has a disability, but rather seems to claim that the housing
16 conditions damaged her health. There are no factual allegations explaining what reasonable
17 accommodation was denied, or the manner of retaliation. In other portions of the complaint,
18 Plaintiff appears to claim that the retaliatory action was the filing of an eviction action. *Id.* at ¶
19 11. However, Plaintiff also alleges that she gave notice she was terminating the lease based on
20 her own belief that she had been constructively evicted. *Id*. at ¶15.
21    Additionally, "[r]esidential apartment complexes generally do not do not constitute public
22 accommodations within the meaning of the [ADA]." *Estavillo v. Cortese*, No. 23-CV-04032-
23 VKD, 2024 WL 2808651, at *3 (N.D. Cal. May 30, 2024) (collecting cases); *see also*
24 *Cook v. Doe*, No. 21-CV-01720-JSC, 2021 WL 2444959, at *2 (N.D. Cal. May 17, 2021);
25 ("[Plaintiff] fails to state a valid ADA claim because her residential apartment building is not a
26 place of public accommodation covered by the ADA's disability discrimination laws.").
27    Plaintiff fails to state a federal claim for First Amendment retaliation or for violation of
28 the ADA. The failure to state a federal claim may implicate the Court's jurisdiction. If a federal

1   claim is "obviously frivolous," insubstantial, implausible, or completely devoid of merit then the
2   Court lacks subject matter jurisdiction. *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1131 (9th
3   Cir. 2012).  However, "[a]ny non-frivolous assertion of a federal claim suffices to establish
4   federal question jurisdiction, even if that claim is later dismissed on the merits." *Id*.  Although
5   Plaintiff fails to allege state action on the part of Defendant, and the ADA claim is entirely
6   conclusory, the Court does not find at this point that the claim is frivolous, and thus the Court has
7   subject matter jurisdiction.

8   The in forma pauperis statute, 28 U.S.C. § 1915(e) provides that this Court "shall dismiss
9   the case at any time" if it determines that the action fails to state a claim on which relief may be
10  granted.  The Court finds that Plaintiff fails to state a federal claim. The Court will not screen
11  Plaintiff's remaining state law causes of action, as they assert claims under state law and the
12  Court would decline supplemental jurisdiction if the federal claims are dismissed.  The decision
13  of whether to exercise supplemental jurisdiction over state law claims after the federal claims
14  have been dismissed lies within the district court's discretion. *See Foster v. Wilson*, 504 F.3d
15  1046, 1051-52 (9th Cir. 2007).  Generally, when federal claims are dismissed well before trial,
16  pendent state law claims should be dismissed as well. *See Campos v. Fresno Deputy Sheriff's*
17  *Assoc.*, 535 F.Supp.3d 913, 930 (E.D. Cal. 2021), *citing Religious Tech. Ctr. v. Wollersheim*, 971
18  F.2d 364, 367-68 (9th Cir. 1992).

19  The Court has considered that Plaintiff is proceeding pro se and a pro se litigant should be
20  given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by
21  amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  As Plaintiff's allegations are
22  at times conclusory, the Court cannot conclude that leave to amend would be futile.  Rather than
23  recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to
24  amend the complaint to allege sufficient factual content to state a claim for relief that is plausible
25  on its face.

26  **II. AMENDING THE COMPLAINT**

27  If plaintiff chooses to amend the complaint, it must contain a short and plain statement of
28  Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered

paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of the named defendant rather than making conclusory allegations.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. It must plead facts demonstrating that Defendant was a state actor or acting under color of law. Plaintiff must allege additional facts to support her ADA claim, including whether she is an individual with a disability, what reasonable accommodation she requested, and in what manner and at what time did Defendant retaliate against her for exercising her rights under the ADA. Plaintiff must allege enough facts in support of her claims to state a claim to relief that is plausible on its face.
////

7

### III. Plaintiff's Motion for Temporary Restraining Order

Plaintiff has filed a motion seeking a temporary restraining order ("TRO") and preliminary injunction. ECF No. 4. Plaintiff requests that the Court issue a TRO that enjoins Defendant from proceeding with eviction and halts further retaliation. ECF No. 4 at 2. Plaintiff has submitted a declaration in support of her motion. ECF No. 4 at 3-4. Plaintiff has also submitted several exhibits in support of her motion. Plaintiff submitted an email she sent on May 21, 2025, stating that all of the drains in her apartment were backing up and clogged. *Id*. at 12. On May 27, 2025, Plaintiff submitted an email titled "Unit 59 Habitability Violations and Legal Escalation Notice." *Id*. at 15. On September 8, 2025, Plaintiff submitted an email to her landlord stating that she considered herself constructively evicted, and stating: "I hereby rescind and terminate the lease effective immediately due to your material breaches and unlawful conduct." *Id*. at 43.

A TRO is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); see also *Winter v. NRDC, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 375-76 (2008). A TRO may only be granted if the moving party satisfies one of two legal standards. A plaintiff seeking a TRO must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Garcia v. Google, Inc*., 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also be entitled to a TRO by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. *All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

While the undersigned sympathizes with any tenant living in an uninhabitable dwelling, Plaintiff has not demonstrated a likelihood of success on the merits. As set forth above, the complaint fails to state a federal claim. At a minimum, Plaintiff is not entitled to a TRO because she has not stated a federal claim upon which relief can be granted. Failure to state a claim

dooms a motion for preliminary injunctive relief. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 993–94 (9th Cir.2014) (citing *E & J Gallo Winery v. Andina Licores* S.A., 446 F.3d 984, 990 (9th Cir.2006)).

Additionally, although Plaintiff has made serious allegations concerning plumbing failures, sewage leaks, and mold, she has not demonstrated the need for immediate relief or irreparable harm. Plaintiff alleges that she began experiencing these plumbing issues on May 2, 2025, and she did not file the motion for TRO until nearly five months later. She also pleads that the day before she filed this lawsuit, "Sacramento County code enforcement called to have plumbing fixed." ECF No. 1 at ¶ 16. Undue delay in seeking injunctive relief may serve as grounds for denying a temporary restraining order. *Brewer v. Loancare, LLC*, No. 2:25-cv-01157-DC-CSK, 2025 WL 1400288, *2 (E.D. Cal. May 14, 2025); *see also* Local Rule 231(b) ("[T]he Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.").

Plaintiff has not demonstrated a likelihood of success on the merits or that she is likely to suffer immediate and irreparable harm. The Court recommends the motion for TRO be DENIED.

### IV.    Plaintiff's Miscellaneous Motions

#### A.  Request for ADA Accommodations (ECF No. 3)

The motion states that Plaintiff requests "reasonable accommodation due to medically documented impairments resulting from landlord negligence and unsafe housing conditions." ECF No. 3 at 1. Plaintiff requests the Court "provide any necessary communication, hearing adjustments, or grace for extensions of time" in light of her disability. *Id*. Plaintiff attaches a letter stating that she has a mental health condition and has been in "intermittent treatment" since 2015. *Id*. at 3. Plaintiff's motion does not seek specific relief, accordingly the motion is denied without prejudice. If Plaintiff requires accommodation at a future hearing, or an extension of time, she may seek such relief in an appropriate motion.

#### B.  Request for Reasonable Accommodations (ECF No. 5)

Plaintiff filed this motion just two days after filing her original motion requesting accommodation, and this motion does seek more specific relief. Specifically, Plaintiff requests

1  that all hearings be held in person as opposed to via remote video conference due to Plaintiff's
2  sensory-processing issues and past trauma. ECF No. 5 at 2. No hearings are currently set, but the
3  Court would be inclined to grant such request in the event a hearing is scheduled. Plaintiff also
4  requests a blanket order allowing her at least 30 days to respond to any deadlines. The Court will
5  not grant this blanket request, but will grant Plaintiff additional time to file any objections to these
6  Findings & Recommendations. Moreover, Plaintiff may seek additional time via motion as
7  necessary in the future. Plaintiff's other requests pertain to accommodations for in-court
8  proceedings are held, or state she "reserves the right to request additional accommodations" in the
9  future. The motion is granted as to the request not to be required to appear via video, but is
10 otherwise denied without prejudice to Plaintiff making a renewed motion when, and if, in-court
11 proceedings are scheduled.

### C. Motion Requesting Service of Process (ECF No. 6)

Plaintiff requests that the Court direct the U.S. Marshal to effect service of her complaint and summons. This motion is denied as premature and unnecessary. If Plaintiff files a first amended complaint, and that complaint passes screening under 28 U.S.C. § 1915(e), then the Court will direct service.

### V.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's request for accommodation (ECF No. 3) is DENIED without prejudice to seeking specific relief in a renewed motion;

3. Plaintiff's second motion requesting accommodations (ECF No. 5) is GRANTED IN PART and DENIED IN PART as set forth herein;

4. Plaintiff's motion requesting the Marshal serve process (ECF No. 6) is DENIED;

5. Plaintiff shall be allowed **30 days** from the date of this order to file a first amended complaint that addresses the pleading deficiencies set forth herein. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

6. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a

notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**IT IS FURTHER RECOMMENDED THAT**:

1. Plaintiff's Motion for temporary restraining order (ECF No. 2) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within thirty (30) days** after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: October 23, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

11