UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERRISH CASTANEDA,<br><br>Plaintiff,<br><br>v.<br><br>6939 FAIR OAKS BLVD TIC LLC,<br><br>Defendant. | No.  2:25-cv-02804-TLN-SCR<br><br><br>ORDER |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff, in the month of December, has filed five motions and a second amended complaint ("SAC").  This order addresses Plaintiff's two motions for extension of time and motion to e-file.  ECF Nos. 12, 15, & 17.  The Court will screen the SAC pursuant to 28 U.S.C. § 1915 and address the two motions for temporary restraining order in due course.

   **I.    Extensions of Time**

Plaintiff previously sought an extension of time to file the SAC, which the Court granted, allowing her until December 9, 2025.  ECF No. 11.  On December 9, 2025, Plaintiff filed a second request for extension of time, seeking three additional days to file.  ECF No. 12.  Plaintiff timely sought this extension and made a showing of good cause.  Fed. R. Civ. P. 6(b)(1)(A).  The

1  motion (ECF No. 12) is GRANTED.  The SAC is timely filed, and the Court will screen it
2  pursuant to § 1915(e) in a subsequent order.
3       On December 29, 2025, Plaintiff filed a motion for a 14-day extension of time to object to
4  this Court's Findings and Recommendations (F&R) which were issued on October 24, 2025.  The
5  F&R allowed Plaintiff 30-days to object to the F&R.  ECF No. 8 at 11.  With three additional
6  days for service by mail, the objections were due no later than November 26, 2025.  By allowing
7  Plaintiff 30-days, the Court already allowed Plaintiff much more time than the default 14 days for
8  objections provided by Local Rule 304(b).  Plaintiff's motion for extension of time was filed 33
9  days after the deadline expired.  A motion made after the time has expired must demonstrate
10 excusable neglect.  Fed. R. Civ. P. 6(b).  The Court does not find the motion demonstrates
11 excusable neglect.  Prior to filing the motion for extension, Plaintiff filed five other motions,
12 including two other motions for extension of time to amend her complaint, a second motion for
13 TRO, and a third "supplemental" motion for TRO with over 100 pages of exhibits.  Thus,
14 Plaintiff made the decision to file two additional motions for TRO rather than objecting to the
15 F&R that recommended denial of the first motion for TRO.  The motion for extension of time to
16 file objections (ECF No. 17) is DENIED.

17       **II.     Motion to E-File**

18       Plaintiff also filed a motion for permission to file documents electronically through the
19 Court's CM/ECF system.  ECF No. 15.  Plaintiff's motion states that she requests "permission to
20 file documents by paper, and/or" to use paper and electronic filing.  *Id.* at 2.  Plaintiff's motion
21 states she needs this accommodation in part due to asthma and anxiety.  *Id.*  Plaintiff also states
22 her disabilities "materially impair her ability to consistently comply with electronic filing
23 requirements under time pressure."  *Id.*  Plaintiff is not required to file electronically, and is
24 already allowed to file documents in paper format.  Plaintiff has been filing documents in paper,
25 and in the three months this case has been pending, has filed two complaints and eight motions.
26       The Court's local rules provide that "any person appearing pro se may not utilize
27 electronic filing except with the permission of the assigned Judge or Magistrate Judge".  LR
28 133(b)(2).  This Court's local rule recognizes, as do similar local rules in other Districts, the

difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to use e-filing. *See*, *e.g.*, *Baker v. IC Sys., Inc.*, No. CV-08-8091-PCT-DGC, 2008 WL 4186166, at 1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed"). Additionally, Plaintiff is demonstrating a propensity for filing a large volume of documents, including somewhat redundant motions such as the three motions for TRO. Voluminous filings signal to the Court the potential for abuse if electronic filing is permitted. Plaintiff's request for electronic case filing does not present good cause for deviance from the Local Rules. The request to participate in electronic case filing is DENIED.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for extension of time to file her second amended complaint (ECF No. 12) is GRANTED.

2. Plaintiff's motion for an extension of time to file objections to the F&R (ECF No. 17) is DENIED.

3. Plaintiff's motion to e-file (ECF No. 15) is DENIED.

4. The Court will issue a subsequent order which screens the SAC and addresses the two pending motions for TRO.

SO ORDERED.

DATED: December 31, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE