UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHERRISH CASTANEDA,

Plaintiff,

v.

6939 FAIR OAKS BLVD TIC LLC,

Defendant.

No.  2:25-cv-02804-TLN-SCR

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court is Plaintiff's second amended complaint (ECF No. 13) ("SAC") for screening under 28 U.S.C. § 1915(e), and Plaintiff's second and third motions for a temporary restraining order ("TRO") (ECF Nos. 14 & 16).  Plaintiff has also filed two miscellaneous motions (ECF Nos. 22 & 23).  The Court herein decides the miscellaneous motions and recommends the TRO motions be denied.  Pursuant to its screening function, the Court finds the SAC fails to state a claim and fails to comply with Rule 8, but will allow Plaintiff further leave to amend.

**I.    Background and Procedural History**

Plaintiff filed this action along with a motion to proceed in forma pauperis ("IFP") and a motion for a TRO on September 29, 2025.  ECF Nos. 1, 2, & 4.  Plaintiff then filed a First

1

Amended Complaint ("FAC") on October 20, 2025.  ECF No. 7.  On October 23, 2025, the Court issued an Order and Findings and Recommendations ("F&R") granting Plaintiff's motion to proceed IFP, screening the original complaint, and recommending that the motion for TRO be denied.  ECF No. 8.  The Court concluded that the complaint failed to state a claim.  *Id.* at 4-6.  Because Plaintiff's FAC, which was docketed October 23, 2025, had crossed in the mail with the Court's screening order, the Court issued a Minute Order clarifying that Plaintiff may have 30 days to file a second amended complaint ("SAC"), and if Plaintiff chose not to do so, the Court would screen the FAC.  ECF No. 9.

Plaintiff then filed two motions for extension of time to file the SAC, which the Court granted.  ECF Nos. 11 & 19.  Plaintiff filed the SAC on December 12, 2025.  ECF No. 13.  On December 18 and 29, 2025, Plaintiff filed two additional motions for a TRO.  ECF Nos. 14 & 16.  On December 29, 2025, Plaintiff also filed a motion for a 14-day extension of time to object to the F&R that had been issued more than two months earlier.  ECF No. 17.  That motion for extension of time was denied.  ECF No. 19.  On January 26, 2026, Judge Nunley issued an order adopting in full the F&R and denying Plaintiff's first motion for a TRO.  ECF No. 25.

**II.     Screening**

A.      Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *See Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.      The Second Amended Complaint (ECF No. 13)

Plaintiff's original complaint named one Defendant, 6939 Fair Oaks Blvd TIC LLC.  That

3

entity was alleged to be the property owner and responsible for the management and operations of Skylark Apartments. ECF No. 1 at ¶ 6. Plaintiff's SAC now names six LLCs, six individuals, and other entities as Defendants. ECF No. 13 at 1. Plaintiff asserts ten different causes of action. *Id.* Plaintiff alleges that "Defendants" began neglecting the maintenance and management of the Property. ECF No. 13 at 2. She alleges that "Defendants" failed to remediate the Property and continue to delay proper inspections, reports and repairs. *Id.*

Plaintiff asserts this Court has jurisdiction based on the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.; and the Rehabilitation Act, 29 U.S.C. § 794. ECF No. 13 at 2. Three of Plaintiff's claims state they are based on federal law, and she asserts seven state law claims, including negligence, breach of contract, and constructive eviction.

In Count I, Plaintiff alleges retaliation under the FHA. ECF No. 13 at 5. Plaintiff claims she engaged in protected activity by reporting habitability violations, including plumbing failures and mold. *Id*. Plaintiff alleges that Defendants were aware of her reports to public health and code enforcement authorities. *Id*. She alleges Defendants subjected her to adverse actions "including delaying or withholding repairs, postponing inspections, reinstating rent despite uninhabitable conditions, refusing meaningful relocation assistance, and allowing prolonged displacement without a remediation plan." *Id*.

In Count II, Plaintiff alleges disability discrimination and failure to accommodate. Plaintiff alleges her disability is asthma and a trauma-related anxiety disorder. ECF No. 13 at 5. Plaintiff alleges that Defendants owned, controlled, and managed the Property. *Id.* at 6. Plaintiff contends she requested reasonable accommodation including timely remediation and relocation assistance. Plaintiff argues that instead of accommodating her, Defendants treated her differently than non-disabled tenants by allowing prolonged exposure to unsafe conditions and reinstating rent demands. *Id*. Plaintiff alleges these actions violate the ADA and Rehabilitation Act. *Id*.

Plaintiff's only other count which relies on federal law, is Count X which cites to 28 U.S.C. §§ 2201-2202 and seeks declaratory judgment.

////

4

C.    Analysis

Plaintiff's SAC contains a jurisdictional statement and request for relief as required by Rule 8.  However, it fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff's SAC is an impermissible "shotgun pleading."  *See Gibson v. City of Portland*, 165 F.4th 1265, 1287-91 (9th Cir. 2026).  Referring to a pleading as a shotgun pleading "describes a class of defects in complaints" which includes four main types of pleading defects:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to be a combination of the entire complaint; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id*. at 1288.  As the Ninth Circuit has explained, such pleadings fail to provide defendants with adequate notice of the claims against them and to formulate a response, and they can waste scarce judicial resources.  *Id.* (citations omitted).  The Ninth Circuit has stated: "district courts do not have to accept such shotgun pleadings" and it is not the responsibility of the Court "to make sense of the pleading, supply facts to support the claim, or to imagine claims that might fit the facts." *Id.* at 1289.

Plaintiffs SAC contains 10 counts and each realleges and incorporates all prior paragraphs.  Plaintiff's SAC names at least a dozen Defendants, plus additional Doe defendants, and yet each of the Counts is asserted collectively against "Defendants."  The specific role of any Defendant is never alleged.  Plaintiff states only that Defendants "owned, controlled, managed and operated the Property at all relevant times."  ECF No. 13 at 3, ¶ 10.  This does not put any specific Defendant on notice of the claims against them, in violation of Rule 8.  *See Gibson*, 165 F.4th at 1290 ("[P]ermitting parties to file pleadings that do not tie factual averments against specific parties to individual causes of action infringes Rule 8.").  As in *Gibson*, Plaintiff's pleading is deficient because, "[i]t contains multiple counts, incorporating allegations for all

5

preceding counts; it is conclusory and vague; and it asserts multiple claims against multiple defendants without identifying who did what." *Id*. at 1291.

Plaintiff needs to identify the parties she alleges are responsible, likely her landlord or property manager as well as the owner(s) of the property.  At this stage, even if the Court were to conclude that Plaintiff may have a cognizable claim related to her FHA claim, it could not direct service on an appropriate defendant because all the allegations are made collectively against multiple individuals and entities.

"To successfully bring a retaliation claim under the FHA, a plaintiff must show that (1) she engaged in a protected activity, (2) an adverse housing consequence is causally linked to that activity, and (3) there was resulting damage." *Jay v. Grand Mgmt. Servs., Inc*., 783 F.Supp.3d 1257, 1276 (D. Or. 2025), citing *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998).  "In the context of a § 3617 claim, that adverse action must be in the form of coercion, intimidation, threats, or interference." *Id.* citing *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001).  This language "does not require a showing of force or violence." *Id*. The term "interference" is "broadly applied to reach all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws." *Id.* at 1129.

As to Plaintiff's ADA/Rehabilitation Act[1] claim, the Court stated in its prior order (ECF No. 8) that, "[r]esidential apartment complexes generally do not "do not constitute public accommodations within the meaning of the [ADA]." *Estavillo v. Cortese*, No. 23-CV-04032-VKD, 2024 WL 2808651, at *3 (N.D. Cal. May 30, 2024) (collecting cases); *see also Cook v. Doe*, No. 21-CV-01720-JSC, 2021 WL 2444959, at *2 (N.D. Cal. May 17, 2021) ("[Plaintiff] fails to state a valid ADA claim because her residential apartment building is not a place of public accommodation covered by the ADA's disability discrimination laws.").

The in forma pauperis statute, 28 U.S.C. § 1915(e) provides that this Court "shall dismiss the case at any time" if it determines that the action fails to state a claim on which relief may be

---

[1] Title II of the ADA and the Rehabilitation Act "are interpreted coextensively because there is no significant difference in the analysis of rights and obligations created by the two Acts." *Payan v. Los Angeles Cmty. Coll. Dist*., 11 F.4th 729, 737 (9th Cir. 2021) (quotation and citation omitted).

granted.  The Court finds that due to the shotgun pleading nature of her SAC, Plaintiff fails to state a federal claim and fails to comply with Rule 8.  The Court will not screen Plaintiff's remaining state law causes of action, as they assert claims under state law and the Court would decline supplemental jurisdiction if the federal claims are dismissed.  The decision of whether to exercise supplemental jurisdiction over state law claims after the federal claims have been dismissed lies within the district court's discretion. *See Foster v. Wilson*, 504 F.3d 1046, 1051-52 (9th Cir. 2007).  Generally, when federal claims are dismissed well before trial, pendent state law claims should be dismissed as well. *See Campos v. Fresno Deputy Sheriff's Assoc.*, 535 F.Supp.3d 913, 930 (E.D. Cal. 2021), *citing Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

The Court has considered that Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  The Court concludes that if Plaintiff addresses the pleading deficiencies, she may be able to state a federal claim. Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege sufficient factual content to state a claim for relief that is plausible on its face. *See Gibson*, 165 F.4th at 1290 ("[F]rom a judicial policy perspective, enforcing a bar against shotgun pleading, but allowing the party to re-pled the complaint, not only provides better notice to opposing parties of the claims against them, but prevents the needless expenditure of finite judicial resources.").

### IV.  Amending the Complaint

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA

95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must contain specific allegations as to the actions of each named defendant rather than making conclusory allegations against "Defendants" collectively.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. Plaintiff must file a pleading that complies with Rule 8. Plaintiff must make her allegations against a specific defendant or defendants, such that such defendant(s) are on notice of the claims against them and could be identified for service and respond to the allegations. Plaintiff must allege sufficient factual content in support of her claims to state a claim to relief that is plausible on its face.

V.    **Plaintiff's Motions for Temporary Restraining Order (ECF Nos. 14 & 16)**

Plaintiff has filed her second and third motions seeking a temporary restraining order ("TRO"). ECF Nos. 14 & 16. Plaintiff then filed a supplement and declaration to those motions. ECF Nos. 20 & 21. The second motion states that Plaintiff and her children are "involuntarily displaced" due to mold and sewage intrusion. ECF No. 14 at 1. Plaintiff alleges she will suffer irreparable harm, in part, because her next academic year starts January 14, 2026, and dealing with the housing situation will cause academic harm, such as a decline in her grades. *Id*. at 3.

Plaintiff seeks relief similar to her first motion for TRO, as she asks that the Court order Defendants to cease all eviction and rent enforcement, to refrain from requiring Plaintiff to return to the property until it is remediated, and cease other retaliatory actions. *Id*. at 3, *compare with* ECF No. 4 at 2 (requesting the Court issue a TRO to enjoin Defendant from proceeding with eviction and halt further retaliation).

Plaintiff's third motion is supported by over 100 pages of exhibits. ECF No. 16. The third motion appears to seek additional relief, such as temporary housing assistance, third-party inspection and testing, and to direct Defendants to provide a written remediation plan and rental history verification so that Plaintiff may seek alternative housing. ECF No. 16 at 15. Some of the documents Plaintiff attaches appear to be from an unlawful detainer proceeding in state court in which she was the defendant. ECF No. 16 at 115-127. It appears that a judgment was rendered in that action in November 2025. *Id.* at 121-122.

On January 6, 2026, Plaintiff presented further supplemental materials regarding her application for a TRO. Some of these documents pertain to events that had not occurred at the time she filed the SAC. For example, she discusses asbestos testing set for January 5, 2026. Plaintiff also submitted an additional declaration which discusses the January 5 asbestos testing. ECF No. 21 at 6. The declaration also seeks additional relief as it asks that the Court restrain "Defendants from enforcing or using the unlawful detainer judgment against me." ECF No. 21 at 7. Plaintiff cannot challenge the unlawful detainer judgment in federal court. Federal district courts do not have jurisdiction to review final state court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine prevents "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *see also Busch v. Torres*, 905 F.Supp. 766 (C.D. Cal. 1995) (finding plaintiff's challenge to state court unlawful detainer judgment and its subsequent enforcement through writ of possession was precluded by *Rooker-Feldman*).

A TRO is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s]

9

that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *see also Winter v. NRDC, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 375-76 (2008). A TRO may only be granted if the moving party satisfies one of two legal standards. A plaintiff seeking a TRO must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also be entitled to a TRO by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. *All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

The Court recommends the second and third motions for TRO be denied for the same reasons as the first. *See* ECF No. 8. Plaintiff has not demonstrated a likelihood of success on the merits. As set forth above, the Court has determined that the SAC fails to state a claim. At a minimum, Plaintiff is not entitled to a TRO because she has not stated a claim upon which relief can be granted. Failure to state a claim dooms a motion for preliminary injunctive relief. *See Arc of Cal. v. Douglas*, 757 F.3d 975, 993–94 (9th Cir.2014) (citing *E & J Gallo Winery v. Andina Licores* S.A., 446 F.3d 984, 990 (9th Cir.2006)). Additionally, although Plaintiff has made serious allegations concerning plumbing failures, sewage leaks, and mold, she has not demonstrated the need for immediate relief or irreparable harm. Plaintiff alleges that she began experiencing these plumbing issues on May 2, 2025, and she did not file the motion for TRO until nearly five months later. Undue delay in seeking injunctive relief may serve as grounds for denying a temporary restraining order. *See Brewer v. Loancare, LLC*, No. 2:25-cv-01157-DC-CSK, 2025 WL 1400288, *2 (E.D. Cal. May 14, 2025); see also Local Rule 231(b) ("[T]he Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground."). At the time of the second and third TRO motions, Plaintiff alleged that she was no longer living in the apartment.

Plaintiff has not demonstrated a likelihood of success on the merits or that she is likely to suffer immediate and irreparable harm. The Court recommends the motions for TRO be

10

DENIED.

## VI.    Plaintiff's Miscellaneous Motions

### A.    Request for ADA Accommodations (ECF No. 22)

This motion is redundant as Plaintiff has filed several prior motions seeking similar relief. *See* ECF Nos. 3, 5, & 15.  The motion asks to be allowed to appear in-person rather than remote/video for hearings.  It asks for the Court to accept paper filings, which it already does. Plaintiff handwrote in "electronic filing" after her request for paper filing.  ECF No. 22 at 1.  To the extent Plaintiff seeks access to e-filing, that request has already been denied.  ECF No. 19. The Court previously granted Plaintiff's request to appear in-person rather than via video (ECF Nos. 8 at 10), and no hearings have yet been scheduled in this matter.  The motion is DENIED.

### B.    Request to File Objections Out of Time (ECF No. 23)

This motion is again redundant as Plaintiff previously sought an extension of time.  ECF No. 17.  The Court denied the request.  ECF No. 19.  Additionally, Judge Nunley has already adopted the F&R.  *See* ECF No. 25.  Accordingly, the motion for extension of time is DENIED.

## VII.    Conclusion

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motion for accommodation (ECF No. 22) is DENIED.

2.  Plaintiff's request for leave to file objections out of time (ECF No. 23) is DENIED.

3.  Plaintiff shall be allowed **30 days** from the date of this order to file a third amended complaint that addresses the pleading deficiencies set forth herein.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

4.  Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**IT IS FURTHER RECOMMENDED THAT**: Plaintiff's Motions for a temporary restraining order (ECF Nos. 14 & 16) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14)**

**days** after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

      SO ORDERED.

DATED: March 16, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

12